NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>TODD WASKO,<br><br>        Defendant-Appellee. | No. 15-17549<br><br>D.C. No. 2:12-cv-01966-JAM-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Thomas John Heilman, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Heilman's retaliation claim against defendant Wasko stemming from the filing of a rules violation report because Heilman failed to raise a genuine dispute of material fact as to whether Wasko's action was taken with a retaliatory motive or did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (setting forth the elements of a retaliation claim in the prison context).

The district court properly dismissed Heilman's retaliation claims against Wasko regarding the three 128-B general chronos because Heilman did not properly exhaust his administrative remedies by submitting a timely grievance regarding the general chronos. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the "PLRA exhaustion requirement requires proper exhaustion").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

15-17549

**AFFIRMED.**